**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-3194

———————

1201 WEST GIRARD AVENUE, LLC; ORI FEIBUSH,

Appellants

v.

DARRELL L. CLARKE

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.: 2-23-cv-03488)
District Judge: Honorable Mark A. Kearney

———————

Submitted under Third Circuit L.A.R. 34.1(a)
on September 27, 2024

Before: KRAUSE, BIBAS and AMBRO, <u>Circuit Judges</u>

(Opinion filed: October 4, 2024)

———————

OPINION[*]

———————

AMBRO, <u>Circuit Judge</u>

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ori Feibush, an experienced developer, had zoning permits allowing him to build a large apartment complex in a suburban and historically African-American neighborhood. The complex, at 1201 West Girard Ave., was slated to—and eventually did—replace a Rite Aid drug store, which some considered an important community resource. Community members complained to their elected Philadelphia Council President, Darrell L. Clarke, and he advocated against the construction project before Philadelphia's Zoning Board Authority ("ZBA"). In a hearing before the ZBA, the City's lawyers told Clarke there was no legal basis to challenge the permits' issuance, and he admitted that Feibush had the permits needed, that the area was zoned residential, and that his own challenge "m[ight] not necessarily have anything to do with the zoning." App. at 128. Instead, he argued, the project would violate the goals described in the "introductory, preamble section of the Philadelphia Zoning Code" and the City should remap its zoning. App. at 127. At some point during this hearing, Clarke called the ZBA chair, though it is disputed what was said during this call. The ZBA initially revoked the permits; Feibush timely moved for reconsideration; and once the ZBA obtained a quorum, it reinstated them. Clarke appealed, but the Court of Common Pleas denied the appeal, with the trial judge stating that he relied on "aspirational policy considerations" instead of the "actual language of the various zoning provisions." App. at 134.

Although Feibush was able to complete the project, he argues that the delay caused by all this led him to pay a higher interest rate and forced him to guarantee personally the

debt and to incur attorney fees and costs. 1201 West Girard Avenue, LLC and Feibush (collectively, "1201 West Girard") then sued Clarke in state court, bringing substantive due process, equal protection, and § 1983 claims, in addition to a slew of state-law claims. Clarke removed to federal court, which granted his motion to dismiss the federal claims with prejudice and declined to exercise supplemental jurisdiction over the state-law ones, instead remanding to the Court of Common Pleas.

1201 West Girard appeals the dismissal of its federal claims. We affirm.

I

We take a fresh look at a District Court's dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. "We must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010) (citation omitted). That said, the factual allegations must "raise a right to relief above the speculative level[,]" consisting of "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action[.]" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 230 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).

3

1201 West Girard has failed to meet these burdens on any of its federal claims. We begin with its claim for violation of substantive due process. To prevail, it must show it was denied a fundamental property interest because of behavior that "shocks the conscience." *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 400, 402 (3d Cir. 2003). The complained-of behavior cannot be merely taken for an "improper motive" or in "bad faith." *Id.* at 400-02. Instead, "[w]hat 'shocks the conscience' is 'only the most egregious official conduct.'" *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) (citation omitted). In the land-use context, that typically requires a showing of "corruption or self-dealing[.]" *Id.* at 286.

As the District Court observed, Clarke's engagement in a lawful process to challenge Feibush's permits—even if based on little legal substance besides an unsuccessful policy argument—falls far short of this exacting standard. 1201 West Girard argues that Clarke advocated against the permits to curry favor with voters, but this does not constitute "self-dealing." If pleasing voters were suspect, so would be the concept of representative democracy. And even if it did, Clarke was not seeking reelection at the time, so the argument holds no water. Nor does Clarke's call to the ZBA member shock the conscience, as 1201 West Girard has no basis whatsoever for the claim that Clarke used the phone call to threaten the member.[1] At most, the call violates the state law against *ex*

_____

[1] Indeed, such a contention clashes with 1201 West Girard's *Monell* claim, discussed below, which is premised on a policy of ZBA deference to councilmembers. If they were bound to defer, why would Clarke need to threaten them? And if Clarke was threatening the ZBA, why did it later grant 1201 West Girard's appeal and restore the permits?

*parte* communications, but such a violation is not a basis for a claim for denial of substantive due process. The District Court was thus correct to dismiss this claim.

We next turn to 1201 West Girard's class-of-one equal protection claim. To prevail there, 1201 West Girard must show that Clarke treated it differently than similarly situated comparators and that he did so intentionally and without a rational basis. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). When a plaintiff fails to identify a "similarly situated" comparator who is alike in all relevant aspects, his class-of-one equal protection claim in our Circuit will fail. *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008).

Even after two tries, 1201 West Girard has not met this requirement. At most, it has repeated the bare recital that "similarly situated" residential properties exist that have been treated better than it was, claiming that "[t]here are many persons and/or entities similarly situated with by-right permits, engaging in similar development to Plaintiff 1201 West Girard, in Council President Clarke's district that were not subjected to the same intentional and irrational treatment that Plaintiff 1201 West Girard was." App. at 154 (Amended Complaint). But this assertion consists of nothing more than "labels and conclusions," rather than specific, factual allegations. *Twombly*, 550 U.S. at 555.

Indeed, when the District Court, during oral argument, asked 1201 West Girard to identify comparators, it was unable to do so. In its briefing before us, it brings up "multifamily developments located in Philadelphia's Fifth District with by-right permits [and] a significant number of residential units, constructed during Council President

5

Clarke's term," Opening Br. at 32, but it still fails to name even one.[2] Given this failure, the District Court was correct to dismiss its equal protection claim.

Finally, we address 1201 West Girard's claim under *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).[3] That case imposes "rigorous standards of culpability and causation[.]" *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (quoting *Bd. of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 405 (1997)). A plaintiff must identify a "custom" or "policy" that led to its injury. *Id.* 1201 West Girard has not done so, which is fatal to its claim. Moreover, it has failed to identify a policymaker who acted both in his official capacity and with final, unreviewable discretion. *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996). Clarke's action was reviewable; indeed, it was reviewed and subsequently reversed. Because his action was subject to review, even discretionary review, it was not final and *Monell* liability cannot attach. *See id.* at 1213. 1201 West Girard argues that this decision was in fact final and unreviewable because of the ZBA's

---

[2] It argues that naming comparators would be "so simple to satisfy here that there is no purpose in punishing its omission with dismissal." Opening Br. at 29-30 (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 748 (7th Cir. 2012). But we ask why it declines to satisfy a task so simple. In any case, the analogy to *Geinosky* is unconvincing, as that case involved a plaintiff who had been issued "twenty-four bogus parking tickets" in two years, with the court opining that "the pattern and nature of defendants' alleged conduct do the work of demonstrating the officers' improper discriminatory purpose." *Id.* For much the same reasons as it does not "shock the conscience," Clarke's behavior voicing the concerns of his constituents bears little resemblance to discriminatory conduct and harassment.

[3] The District Court dismissed, for the simple reason that 1201 West Girard sued Darrell L. Clarke at his home address, leading the Court to conclude it sued him in his individual capacity, not official one. Given that its First Amended Complaint stated that "[t]his *Monell* claim is brought against Defendant Darrell L. Clarke in his individual and/or official capacity[,]" App. at 155, ¶ 184, we address the reasons the claim would fail even were the District Court to have concluded differently.

alleged policy or custom of deference, but this assertion is plainly undercut by the ZBA restoring the permits against Clarke's wishes. Thus, the District Court was correct to dismiss this claim.

This leaves only state law claims, the remand of which 1201 West Girard does not dispute.

\*    \*    \*    \*

For these reasons, we affirm.